FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 MAR 31  PM 1: 58

SKYLINE STEEL CORPORATION,

    Plaintiff,

v.

RDI/CAESARS RIVERBOAT CASINO,
LLC,

    Defendant.

CIVIL ACTION NO.

99-AR-0479-M

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 3 1 1999

## MEMORANDUM OPINION

The court is confronted once again with a forum selection clause. Defendant, RDI/Caesars Riverboat Casino, LLC ("Caesars"), moves the court to transfer to Indiana the above-entitled case filed in this court by plaintiff, Skyline Steel Corporation ("Skyline"). Caesars does not challenge this court's *in personam* jurisdiction. Instead, it says that Alabama is not the proper venue, invoking Rule 12(b)(3), F.R.Civ.P.

The facts pertinent to venue are simple. Skyline sold steel to Caesars for use in the construction of a riverboat casino being built for Caesars in Indiana by an independent contractor. In all probability when Skyline received Caesars' purchase order it paid little attention to the following paragraph 29 in the order:

> 29. INTERPRETATION AND JURISDICTION: This purchase order shall be construed and interpreted fully in accordance with the laws of the jurisdiction of the project location. Seller hereby consents and submits to the jurisdiction of the appropriate courts and [sic]

1

> location of the Project for adjudication of any question of law
> arising hereunder.

Some potential witnesses are located in Alabama. Some arguably pertinent events occurred in Alabama. Other potential witnesses are located in Indiana. Other arguably pertinent events occurred in Indiana. The relative importance of the various witnesses and events and the relative convenience to the parties of the two possible forums are all matters of legitimate debate. The issue boils down to whether the Skyline's choice of this forum is overridden by paragraph 29.

Caesars' motion has been briefed and orally argued. At oral argument the court engaged in colloquy with Skyline's counsel about this court's opinion in *Stewart v. Dean-Michaels Corp.*, 716 F.Supp. 1400 (N.D.Ala. 1989). Skyline's management should have studied paragraph 29 as carefully as its counsel studied *Dean-Michaels*, the case that best explains this court's reading of the Eleventh Circuit's reading of *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 108 S.Ct. 2239 (1988). In the instant case, as in *Dean-Michaels*, the forum selection clause did not provide that jurisdiction in the courts of another state was "exclusive" or "mandatory." Instead, it said:

> This agreement shall in all respects be governed by the laws of the
> State of New York (U.S.A.). The parties hereby agree that any
> dispute relating to the services sold hereunder shall be subject to
> the jurisdiction of the courts within the State of New York.

718 F.Supp. at 1401.

The words "subject to" in the Dean-Michaels contract are conceptually identical to the words "consents and submits", in the Caesars contract.  Both cases also provide that the law of another state controls.  Because the law of the Eleventh Circuit is that forum selection clauses are virtually impossible to overcome by an application of the general principles of *forum non conveniens*, this court transferred  the Dean-Michaels controversy to New York despite the severe inconvenience to the Alabama plaintiff occasioned by the transfer.

Paragraph 29 here is certainly not a sterling example of draftsmanship, but it made sufficiently clear to Skyline when it sold its steel to Caesars that it was acknowledging its willingness to have all controversies between it and Caesars, including any collection suit, decided by an Indiana court.  This court does not think that paragraph 29 is sufficiently ambiguous to have given Skyline any real expectation of successfully holding Caesars to an Alabama forum.

Either this rather poorly worded forum selection clause is dispositive on the question of proper venue, or it tilts the scales in an application of 28 U.S.C. § 1404(a), toward Indiana, where the action clearly "might have been brought."  Having learned the hard way from *In Re Ricoh Corp*, 870 F.2d 570 (11th Cir. 1989), how to avoid "clearly abus[ing] its discretion" this court concludes that Skyline has not borne "its burden of persuading the court that the

3

contractual forum is sufficiently inconvenient to justify retention of the dispute."   870 F.2d 573.    This court has undergone an attitude adjustment that it just can't shake.

By separate order, Caesars' motion to transfer will be granted.   Goodbye, Alabama!   Hello, Indiana!

DONE this _31st_ day of March, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

4